UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RUDY ISAIAS CARRANZA CRUZ,<br><br>　　　　　　　　　　Defendant. | Case No.: 24-MJ-0040-DDL<br><br>**ORDER DENYING MOTION TO "DISMISS THE COMPLAINT AND FOR IMMEDIATE RELEASE"**<br><br>**[Dkt. No. 10]** |

## I.

## <u>INTRODUCTION</u>

Defendant Rudy Isaias Carranza-Cruz was arrested in the Southern District of California on a warrant issued from the United States District Court for the Western District of Texas arising from alleged violations of the conditions of his supervised release. He contends "this Court lacks jurisdiction over him" and seeks his "immediate release" from custody. Dkt. No. 10 at 3. The Court denies the motion because it is based on the erroneous factual premise that Mr. Carranza-Cruz's term of supervised release has expired and the erroneous legal premise that 18 U.S.C. § 3583(i) applies here.[1]

---

[1] Although captioned as a motion to "dismiss the Complaint," there is no Complaint to dismiss in these supervised release revocation proceedings.

1

## II.

## **PROCEDURAL HISTORY**

In December 2020, Mr. Carranza-Cruz was sentenced to 12 months' custody and 3 years' supervised release following his conviction under 8 U.S.C. § 1326 in the Western District of Texas. Dkt. No. 13 at 10-12. Thereafter, in August 2022, the District Court revoked Mr. Carranza-Cruz's supervised release and sentenced him to 11 months' custody followed by 25 months' supervised release. *Id.* at 19-21. His 25-month supervised release term began on January 20, 2023. *Id.* at 22.

On January 3, 2024, Chief United States District Judge Alia Moses issued an arrest warrant for Mr. Carranza-Cruz based on alleged violations of his supervised release. *Id.* at 24. Mr. Carranza-Cruz made his initial appearance in the Southern District of California, and, following a continuance, his identity and removal hearing was set for February 1, 2024. He filed the instant motion on January 23, 2024.

## III.

## **DISCUSSION**

Mr. Carranza-Cruz contends "[t]he proceeding in this case must be dismissed" and he must be "immediately released because this Court lacks jurisdiction over him." Dkt. No. 10 at 3. He relies on *United States v. Vargas-Amaya*, 389 F.3d 901 (9th Cir. 2004), where the Ninth Circuit held "a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under § 3583(i), based upon a warrant issued during the term of supervision, only if the warrant was issued 'upon probable cause, supported by Oath or affirmation,' as required by the Fourth Amendment." *Id.* at 907. Looking beyond the fact that the warrant was issued in the Fifth Circuit, which does not interpret § 3583(i) to require a warrant supported by oath or affirmation,[2] Mr. Carranza-

---

[2]  *See United States v. Garcia-Avalino*, 444 F.3d 444 (5th Cir. 2006).

Cruz's argument fails for a more fundamental reason – § 3583(i) does not apply to him because he is currently on supervised release.

The Ninth Circuit has repeatedly recognized that "the conditions of section 3583(i) apply only when the revocation of supervised release occurs *after* the term of supervised release has expired." *United States v. Schmidt*, 99 F3d 315, 318 (9th Cir. 1996).[3] *See United States v. Murguia-Oliveros*, 421 F.3d 951, 955 (9th Cir. 2005) (defendant was on supervised release at time of revocation and "[t]he district court therefore had jurisdiction to revoke Murguia-Oliveros's term of supervised release, and on the basis of an unsworn warrant"); *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007) ("Because Jeremiah was arrested during his period of supervision the exception created by 18 U.S.C. § 3583(i), as interpreted by *Vargas-Amaya*, is not applicable"). Mr. Carranza-Cruz began his 25-month term of supervised release in January 2023, and he remains on supervised release to this date.[4] As such, § 3583(i)'s warrant requirement is inapplicable, and Mr. Carranza-Cruz's argument that the Court lacks jurisdiction over him fails.

At the motion hearing on February 1, 2024, defense counsel argued that the motion was not limited to jurisdiction under § 3583(i) but challenged the existence of a warrant to satisfy Federal Rule of Criminal Procedure 32.1(a)(5)(B). That assertion strains credulity, as the motion does not mention Rule 32.1. Rather, the motion repeatedly states that the Court lacks jurisdiction over Mr. Carranza-Cruz because a valid warrant was not issued as required by § 3583(i) and *Vargas-Amaya*.

The argument that the Court lacks jurisdiction is fundamentally different than the argument that the United States cannot meet its obligation to produce a warrant under Rule 32.1. Having had an opportunity to consider the United States' opposition brief explaining

---

[3]    *Schmidt* has been partially overruled on other grounds. *United States v. Palomba*, 182 F.3d 1121 (9th Cir. 1999).

[4]    The motion erroneously states there was a "subsequent expiration of supervised release." Dkt. No. 10 at 6.

why § 3583(i) is inapplicable and the Court has jurisdiction (*see* Dkt. No. 13), defense counsel should have simply acknowledged at the outset of the hearing that the motion's jurisdictional argument was fatally flawed and requested an opportunity to brief a new argument under Rule 32.1.

## IV.
## CONCLUSION

For all the foregoing reasons, the Court DENIES the motion for immediate release.

**IT IS SO ORDERED.**

Dated:  February 2, 2024

_____
Honorable David D. Leshner
United States Magistrate Judge