UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RUDY ISAIAS CARRANZA-CRUZ,<br><br>　　　　　　　　　　Defendant. | Case No.: 24-MJ-0040-DDL<br><br>**ORDER DENYING MOTION FOR RELEASE** |

　　　Defendant Rudy Isaias Carranza-Cruz is in custody on a warrant issued from the United States District Court for the Western District of Texas arising from alleged violations of the conditions of his supervised release.  He contends the United States cannot meet its obligation under Federal Rule of Criminal Procedure 32.1(a)(5)(B) to produce "the warrant" issued in the Western District of Texas because that warrant was not issued based on Oath or affirmation, which he contends is required by *United States v. Vargas-Amaya*, 389 F.3d 901 (9th Cir. 2004).  Carranza-Cruz moves for his immediate release based on the United States' alleged failure to comply with Rule 32.1.  The Court ordered briefing by both parties (Dkt. Nos. 16, 17) and heard oral argument on February 22, 2024.  For the reasons stated on the record at the hearing and in this Order, the Court denies the motion.

/ / /

/ / /

1

The alleged violation of supervised release occurred in the Central District of California. Dkt. No. 1. As such, Rule 32.1(a)(5)(B) applies, and the Court "must" transfer Carranza-Cruz to the Western District of Texas if "(i) the government produces certified copies of the judgment, warrant, and warrant application, or produces copies of those certified documents by reliable electronic means; and (ii) the judge finds that the person is the same person named in the warrant." It is undisputed that the United States has produced the warrant issued by Chief District Judge Alia Moses in the Western District of Texas. Dkt. No. 1 at 5. And at the hearing on February 22, 2024, after issuing an oral ruling denying the instant motion, the Court found that Carranza-Cruz was the same person named in the warrant based on his admission.

Carranza-Cruz argues that the warrant issued in the Western District of Texas does not constitute a valid warrant because it is not supported by Oath or affirmation. He relies on *Vargas-Amaya*, where the Ninth Circuit held "a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under [18 U.S.C.] § 3583(i), based upon a warrant issued during the term of supervision, only if the warrant was issued 'upon probable cause, supported by Oath or affirmation,' as required by the Fourth Amendment." *Vargas-Amaya*, 389 F.3d at 907.[1] Carranza-Cruz cites no authority for the proposition that *Vargas-Amaya* applies to proceedings under Rule 32.1(a)(5)(B), and at least one case in this District has concluded otherwise. *See United States v. Castellon*, 15-MJ-0185-AJB-JMA, Dkt. Nos. 3, 13, 16.

Rule 32.1(a)(5)(B) requires the United States to produce "the warrant" issued in the District with jurisdiction to conduct the revocation hearing. The United States did so here, and the Court concludes that any challenge to the warrant's validity is properly made in the Western District of Texas. *See* 15-MJ-0185, Dkt. No. 16 at 2 ("The jurisdiction of this Court over a defendant in an out of district matter, is limited to proceedings under Fed. R.

---

[1] The Fifth Circuit does not interpret § 3583(i) to require a warrant supported by oath or affirmation. *See United States v. Garcia-Avalino*, 444 F.3d 444 (5th Cir. 2006).

1  Crim. P. 85 and Rule 32.1, respectively.  Therefore, the basis for decision needs to be
2  addressed in the Western District of Texas, in the 5th Circuit.").
3         For all the foregoing reasons, the Court DENIES the motion for release.
4  **IT IS SO ORDERED.**
5  Dated:  February 23, 2024                  _____
6                                              Honorable David D. Leshner
7                                              United States Magistrate Judge